In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00459-CV
_____


TERRY PORTER AND JENNIFER PORTER, Appellants

V.

MONTGOMERY COUNTY, TEXAS, Appellee

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 15-05-05306-CV

## MEMORANDUM OPINION

In this appeal, we consider whether the trial court properly exercised jurisdiction over a Uniform Declaratory Judgments Act claim in which the plaintiffs sought to have the trial court decide whether the order rendered by Montgomery County Commissioners Court prohibiting the discharge of firearms in an unincorporated subdivision applied to the lots they owned in an unincorporated

1

subdivision in Montgomery County. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2015) (Declaratory Judgments Act). We conclude that because no claim was made asserting that the order rendered by the Commissioners Court was invalid, the trial court did not have subject-matter jurisdiction over the controversy to allow it to provide the parties with its interpretation of the order. We hold the trial court erred by failing to grant Montgomery County's plea to the jurisdiction, and we order the suit dismissed for want of jurisdiction.

## Background

In 2005, the Commissioners Court of Montgomery County passed an order regulating the discharge of firearms in subdivisions within the unincorporated areas of the county. *See* Tex. Loc. Gov't Code Ann. § 235.022 (West 2016) (authorizing commissioners courts to regulate the discharge of firearms and air guns). In relevant part, the order states that "[t]he discharge of firearms is hereby prohibited in Montgomery County on lots of ten acres or smaller in a subdivision which is located in the unincorporated area of the County." Another section of the order provides that "[a] person commits an offense if the person intentionally or knowingly discharges a firearm on a subdivision lot in a subdivision in the unincorporated area of Montgomery County."

In 2008, Terry and Jennifer Porter purchased four contiguous lots covering 21.883 acres in an unincorporated subdivision in Montgomery County. Shortly after the Porters purchased the four lots, they placed a fence around them and opened a shooting range.

In 2012, the Porters received a letter from the County Attorney advising that the discharge of firearms on their lots was prohibited. In the same letter, the County Attorney advised the Porters that a violation of the order regulating the discharge of firearms was a class C misdemeanor and punishable by a fine not to exceed $500.

After receiving the County Attorney's letter, the Porters asked Commissioners Court to remove their four lots from the subdivision. *See* Tex. Loc. Gov't Code Ann. § 232.008 (West 2016) (allowing a property owner to apply to commissioners court to cancel all or part of the subdivision to reestablish the property acreage as it existed prior to the subdivision). Following a public hearing in February 2013, the Commissioners Court denied the Porters' request.

In 2015, the Porters filed a suit against the County seeking a declaratory judgment that the order regulating the discharge of firearms did not apply to their lots. In their petition, the Porters alleged that sovereign immunity did not apply to their suit because the Declaratory Judgments Act authorized courts to construe ordinances and to determine whether the ordinance at issue applied. *See* Tex. Civ.

3

Prac. & Rem. Code Ann. § 37.004(a). The Porters' suit asked the trial court to declare that the order did not apply to their lots because they were contiguous and because they are adjoining lots, the regulation did not apply.

In its answer to the Porters' suit, the County asserted that governmental immunity deprived the trial court of jurisdiction over the Porters' claims. Subsequently, the County filed a plea to the jurisdiction, arguing that the Declaratory Judgments Act did not operate as a waiver with respect to its right to governmental immunity from a suit because the Porters had not claimed that the order they were challenging was invalid. In its plea, Montgomery County alleged that the Porters' "declaratory judgment action does NOT seek a declaration that the Ordinance is invalid[.]"

After Montgomery County filed its plea to the jurisdiction, the Porters and the County filed motions for summary judgment. The trial court considered both the plea to the jurisdiction and the motions for summary judgment without conducting an oral hearing. When the court ruled on the pending motions and the plea to the jurisdiction, it denied the County's plea to the jurisdiction, denied the Porters' motion for summary judgment, and granted the County's motion for summary judgment.

4

Both the County and the Porters appealed from the trial court's judgment. In their appeal, the Porters argue that the trial court did not err by denying the County's plea. They also argue that the trial court erred by adopting a construction of the order regulating the discharge of firearms that allowed the order to be applied to contiguous lots that collectively cover an area exceeding ten acres.

In its appeal, the County argues that the trial court erred by denying its plea to the jurisdiction. According to the County, the Declaratory Judgments Act does not waive a county's right to governmental immunity when the claim merely seeks to have a trial court interpret an order whose validity is not otherwise being challenged. The County also contends that if the trial court had jurisdiction to interpret the order, the trial court properly ruled that the order applies to contiguous lots even if the acreage covered by such lots exceeds ten acres.

## Plea to the Jurisdiction

First, we are required to address whether the trial court possessed jurisdiction over the dispute before we may reach the merits of the disagreement the parties have regarding the interpretation of the order at issue in the appeal. *See Rusk State Hosp. v. Black,* 392 S.W.3d 88, 95 (Tex. 2012) (noting that if a court does not have jurisdiction, its opinion addressing any issues other than jurisdiction is advisory). By filing a plea to the jurisdiction, the County challenged the trial court's power to

5

exercise subject-matter jurisdiction over the Porters' case. A plea to the jurisdiction is a dilatory plea, which is used to defeat a plaintiff's cause of action without regard to whether the plaintiff's claims have merit. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). Generally, absent a statute where the Legislature expressly waived a governmental entity's immunity from suit, trial courts lack subject-matter jurisdiction over suits against governmental entities, which includes the State's counties. *See Harris Cty. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). The question of whether a trial court properly exercised subject-matter jurisdiction over a case is reviewed as a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). We apply a *de novo* standard when reviewing trial court rulings on pleas to the jurisdiction. *Id.*; *Tex. Nat. Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002).

On appeal, in reviewing the trial court's ruling on a plea to the jurisdiction, the appeals court "may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Cty. of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002). In this case, Montgomery County's plea asserted that the Declaratory Judgments Act did not waive its immunity regarding the Porters' declaratory judgment claims where the claims presented no challenge to the validity of the order issued by a Commissioners Court.

6

When the plea to the jurisdiction presents a challenge to the sufficiency of the plaintiff's pleadings, we are required to determine whether the plaintiff's pleadings allege "facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda,* 133 S.W.3d at 226. To do so, we construe the pleadings in the plaintiff's favor and look to the plaintiff's intent. *See Brown,* 80 S.W.3d at 555. When the plaintiff's pleadings affirmatively negate the existence of jurisdiction, "then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda,* 133 S.W.3d at 227. Stated another way, when a court determines that the plaintiff's pleadings are deficient but also determines that the deficiency in the pleadings can be cured, the plaintiff "deserves 'a reasonable opportunity to amend' unless the pleadings affirmatively negate the existence of jurisdiction." *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 839 (Tex. 2007) (quoting *Sykes,* 136 S.W.3d at 639); *Miranda,* 133 S.W.3d at 226-27; *Brown,* 80 S.W.3d at 555.

The Porters argue that the Legislature waived governmental immunity with respect to declaratory judgment actions seeking a trial court's construction of an ordinance. Generally, the Declaratory Judgments Act permits persons whose rights, status, or other legal relations are affected by a municipal ordinance to obtain a declaration of their rights under the ordinance. Tex. Civ. Prac. & Rem. Code Ann. §

7

37.004(a). Nonetheless, while the Supreme Court has indicated the Declaratory Judgments Act waives immunity with respect to claims where a party is seeking to have a statutory provision declared invalid, the Act does not generally waive governmental immunity regarding all claims that are otherwise encompassed by the Act. *See City of McKinney v. Hank's Rest. Grp., L.P.,* 412 S.W.3d 102, 111 (Tex. App.—Dallas 2013, no pet.). For instance, with respect to claims challenging the validity or constitutionality of an ordinance or a statute, the Texas Supreme Court has recognized that the Declaratory Judgments Act waives immunity and requires that the relevant municipality or the state be named as a party to the suit. *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 622 (Tex. 2011); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (addressing necessary parties to suit challenging a statute). However, in this case, the Porters never challenged the validity or constitutionality of the order issued by the Commissioners Court. Instead, their suit asked the trial court for its interpretation of whether the order applied to contiguous lots, and they asked the trial court to declare their rights based on its interpretation of the order.

Where no claim is made that the regulation being challenged is invalid, the Declaratory Judgments Act does not waive governmental immunity to allow a party to obtain a trial court's interpretation of otherwise valid statutes or ordinances. *See*

8

*City of El Paso v. Heinrich,* 284 S.W.3d 366 (Tex. 2009) (concluding that governmental agencies, as opposed to their officers who can be sued in their official capacity for *ultra vires* acts, remain immune from suit except when the suit challenges the validity of the ordinance or statute); *Sefzik,* 355 S.W.3d at 621 (stating that the Declaratory Judgments Act does not waive immunity "when the plaintiff seeks a declaration of his or her rights under a statute or other law[]"). While the Porters suggest that the Texas Supreme Court allowed a party to obtain an interpretation of a statute in *Texas Education Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex. 1994), after deciding *Leeper,* the Texas Supreme Court subsequently clarified that the Declaratory Judgments Act does not operate as a waiver for claims seeking a court's interpretation of a statute unless the plaintiff has challenged the validity of the statute. *Sefzik*, 355 S.W.3d at 622. Since the Porters never challenged the validity of the order regulating the discharge of firearms, the Declaratory Judgments Act cannot be used as the source of the waiver the law required to vest the trial court with the subject-matter jurisdiction it needs to hear the Porters' claims. We hold that the Porters' pleadings failed to demonstrate that the Declaratory Judgments Act operated to waive Montgomery County's immunity from suit. *See id*. at 621 (concluding that the Act does not waive immunity when a plaintiff seeks a declaration of their rights); *Hank's Rest. Grp., L.P.,* 412 S.W.3d at 112 (explaining

9

that the Declaratory Judgments Act does not waive immunity regarding claims seeking a declaration of a plaintiff's statutory rights or an interpretation of an ordinance when there is not a claim that the provision is invalid). In other words, the Porters' pleadings fail to allege facts that, if true, affirmatively demonstrated that the Legislature waived Montgomery County's governmental immunity from the Porters' suit seeking an interpretation of the order prohibiting the discharge of firearms. *See Miranda,* 133 S.W.3d at 227. We sustain Montgomery County's jurisdictional challenge to the trial court's authority to resolve the Porters' claims. Consequently, we reverse the trial court's order denying the County's plea.

Next, we consider whether the Porters had an adequate opportunity to amend their pleadings to raise a viable challenge to the validity of the Commissioners Court's order while the case was pending before the trial court. In their reply brief, the Porters suggest that if their pleadings are insufficient, they should be permitted to amend and replead. According to the Porters, their failure to allege a valid statutory waiver as to the County's immunity could be cured if they are allowed to replead and challenge the validity of the order regulating the discharge of firearms.

However, the Porters were on notice before the trial court decided the case that they had not challenged the validity of the order at issue. Thus, they were notified of the defect that has proven dispositive of their appeal when their pleadings

10

could have been amended. Moreover, we are not persuaded that the Porters can present a valid challenge to the validity of the Commissioners Court's order. The Legislature gave county commissioners the authority to regulate the discharge of firearms, regardless of whether the order the commissioners chose to use utilized the singular or plural version of the word "lot." *See* Tex. Loc. Gov't Code Ann. § 235.022 (authorizing county commissioners to regulate the discharge of firearms in unincorporated subdivisions); Tex. Gov't Code Ann. § 311.012(b) (West 2013) ("The singular includes the plural and the plural includes the singular."). Given a statutory provision granting county commissioners the authority to regulate the discharge of firearms on both a lot and on lots, we hold the Porters have not demonstrated that the defect in their pleadings is capable of being cured by amending them to assert the Legislature did not give county commissioners the authority to regulate the discharge of firearms on contiguous lots. *See Sykes*, 136 S.W.3d at 639 (noting that dismissal with prejudice is appropriate when a trial court lacks subject-matter jurisdiction due to governmental immunity bar).

Given our conclusion that the trial court lacked subject-matter jurisdiction over the dispute, we do not address the Porters' issue that argues the trial court erred by granting Montgomery County's motion for summary judgment. *See* Tex. R. App. P. 47.1. Under the circumstances presented in this record, we hold that the Porters'

11

case must be dismissed with prejudice. *See Sykes*, 136 S.W.3d at 639. We reverse the trial court's order denying Montgomery County's plea, and we order the Porters' case against Montgomery County dismissed, with prejudice. *See* Tex. R. App. P. 43.2(c).

REVERSED AND RENDERED.

_____
HOLLIS HORTON
Justice

Submitted on September 15, 2016
Opinion Delivered February 16, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.

12